# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MOLLIE L. NEWCOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-05-151 AML |
| | ) | |
| CAROLE A. BURKHOLDER, | ) | |
| NEWARK TOYOTA WORLD, | ) | |
| TOYOTA MOTOR | ) | Trial by Jury Demanded |
| CORPORATION, and TOYOTA | ) | |
| MOTOR SALES, U.S.A., INC., | ) | |
| | ) | |
| Defendants/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEWARK TOYOTA WORLD, | ) | |
| TOYOTA MOTOR | ) | |
| CORPORATION, and TOYOTA | ) | |
| MOTOR SALES, U.S.A., INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

Submitted: August 15, 2016
Decided: November 22, 2016

## <u>MEMORANDUM OPINION</u>

Gary S. Nitsche, Esquire and William R. Stewart, III, Esquire, WEIK, NITSCHE & DOUGHERTY, Wilmington, Delaware; *Attorneys for Mollie L. Newcomer.*

David L. Baumberger, Esquire, LAW OFFICES OF CHRISSINGER & BAUMBERGER, Wilmington, Delaware; *Attorney for Carole A. Burkholder*.

James M. Kron, Esquire, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; *Attorney for Newark Toyota World, Toyota Motor Corporation, and Toyota Motor Sales, U.S.A., Inc.*

**LeGROW, J.**

The driver of a car involved in an accident sued the dealer and manufacturer of the car for negligence and breach of warranty, alleging the vehicle was defective and the defect caused the accident. The dealer and manufacturer have moved for summary judgment on the basis that the driver failed to present an expert opinion regarding the existence of a defect and whether it proximately caused the accident. The driver contends an expert opinion is not necessary in this case because she has offered circumstantial evidence of a defect that negates other reasonable causes of the accident. The question before the Court is whether the evidence the driver has adduced, namely her own testimony and a notice in a class action that the vehicle was within a class of vehicles alleged to contain such a defect, is such that this case falls within the relatively narrow segment of cases where expert testimony is not necessary to prove a product defect. In my view, as explained below, the question is not a close one, and the driver's failure to provide an expert opinion entitles the movants to summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the following facts are undisputed. The plaintiff, Mollie L. Newcomer, alleges she sustained personal injuries and property damage during a car accident in which a 2010 Toyota Sienna driven by Defendant Carole A. Burkholder collided with Newcomer's car. Three months after Newcomer filed this action, Burkholder filed third-party claims against Newark ToyotaWorld (the

1

"Dealer"), Toyota Motor Corporation ("Toyota Corporation") and Toyota Motor Sales, U.S.A., Inc. ("Toyota Sales" and collectively with Toyota Corporation, the "Manufacturer Defendants").[1] Unless the distinction is material, I refer to the third-party defendants jointly as "Toyota."

## A. The accident and the aftermath

In her complaint, Newcomer alleged that Burkholder negligently drove her Toyota Sienna into Newcomer's vehicle. In her answer, Burkholder asserted several affirmative defenses grounded in her contention that the accident was unavoidable and that the injuries Newcomer sustained were proximately caused by an intervening or superseding cause, namely a defect in Burkholder's Toyota Sienna (the "Burkholder Vehicle") that caused the vehicle to accelerate at the moment of the accident, even though Burkholder's foot was on the brake and not on the gas.[2]

Those contentions were repeated in Burkholder's third-party complaint against Toyota. Specifically, Burkholder brought three claims against Toyota: one claim against the Dealer for negligence, one claim against the Manufacturer Defendants for negligence, and one claim against the Manufacturer Defendants for

---

[1] Burkholder also brought a claim against Toyota North America, Inc. According to Toyota, the parties agreed not to pursue any claims against that party. Defs.' Renewed Mot. Summ. J. at 1, n.1.

[2] Burkholder Answer and Third Party Compl.; *see also* Third Party Compl. ¶ 6 ("The accident was caused due to an uncontrolled acceleration of Defendant's vehicle, despite the fact her foot was on the brake.").

breach of the implied warranty of merchantability.[3]  After Newcomer filed her complaint, but before Burkholder filed the third-party claims, Burkholder disposed of the Burkholder Vehicle, which has been within her control since the accident.

**B. Burkholder pursues discovery.**

This Court issued its initial trial scheduling order (the "Original TSO") on June 17, 2015, after all third-party claims and answers had been filed.  The Original TSO set a deadline of September 15, 2015 for plaintiffs' expert reports or disclosures and a deadline of December 15, 2015 for defendants' expert reports or disclosures.  There were no other expert deadlines in the scheduling order, nor were any requested by the parties.  When the September 2015 deadline passed with neither Burkholder nor Newcomer filing an expert report or disclosure supporting their claims against Toyota, Toyota moved for summary judgment, arguing expert testimony was necessary to support the third-party claims against Toyota.  Two days later, Burkholder propounded her first discovery requests directed to Toyota.  Toyota then moved for a protective order, arguing the discovery was overbroad and, in any event, would be unnecessary if Toyota's summary judgment motion was granted.

---

[3] Newcomer later amended the complaint to add negligence claims against Toyota.  Newcomer has not, however, pursued discovery from Toyota and does not oppose Toyota's renewed motion for summary judgment.  *See* D.I. 85, Letter to the Court from Gary Nitsche, Esquire.

At the hearing on the motion for protective order, Burkholder argued that discovery was necessary before she could evaluate whether retaining an expert was either necessary or possible.[4] The Court noted the significant time that had elapsed, that Burkholder only now seemed to be organizing her case, and that she arguably[5] had missed the expert report deadline. The Court nonetheless reasoned that limited discovery should be permitted so Burkholder at least had an opportunity to investigate her claims before the Court considered the substance of the pending summary judgment motion.

Specifically, the Court held as follows:

[W]ith respect to the pending discovery against the [M]anufacturer [Defendants], the motion for the protective order is stayed without prejudice to reconsideration after a submission by third-party plaintiff's expert explaining why further discovery against the manufacturer is appropriate.

The motion with respect to the dealership is granted, except that the [D]ealer shall respond to pending discovery that relates to the car in question by year, make and model. Once that discovery has been turned over, then third-party plaintiff shall have 30 days in which to announce whether an expert has been retained.[6]

The Court's ruling (the "Discovery Order") permitting limited discovery and an extension of the expert deadline was based on a number of considerations, not the least of which was Burkholder's representation that, once the requested

---

[4] Newcomer did not oppose any of the motions.
[5] Burkholder argued she was a "defendant" and therefore had until December 15, 2015 to produce an expert report.
[6] *Newcomer v. Burkholder*, C.A. No. N14C-05-151 AML, at 31-32 (Del. Super. Nov. 13, 2015) (TRANSCRIPT) (hereinafter "Nov. Tr.").

discovery of the Dealer was provided, Burkholder would be in a position to decide whether she intended to retain an expert, without needing iterative rounds of discovery.[7]  In fact, the Court specifically held that no further discovery of the Toyota Defendants would be permitted unless or until Burkholder retained an expert, reasoning that Toyota should not have to incur additional expense until Burkholder made "a significant commitment to this litigation."[8]

**C. The schedule is revised and Toyota renews its summary judgment motion.**

On February 22, 2016, Dealer produced the discovery required by the Discovery Order.  The following day, Toyota asked the Court to vacate the Original TSO, arguing the parties could not reasonably complete discovery and pre-trial preparation before the June 6, 2016 trial date.  None of the parties opposed that request, and the Court therefore vacated the Original TSO and instructed the parties to contact chambers to obtain new dates for trial.

Under the terms of the Discovery Order, Burkholder had until March 23, 2016 to inform the other parties whether she had retained an expert.  On March 30th, Toyota sent a letter to Burkholder asking her to advise whether she had retained an expert.[9]  Burkholder responded by stating she had not had a chance to

---

[7] *Id*. at 19-20.
[8] *Id*. at 26; *see also id*. at 31-32.
[9] Defs.' Renewed Mot. Summ. J. Ex. 9.

review the production in detail and she would respond "early next week."[10] Burkholder did not, however, follow up with Toyota as promised. Toyota filed its renewed motion for summary judgment on April 29, 2016, after which the Court scheduled briefing and a hearing on the motion. The basis for Toyota's motion is two-fold: first, Burkholder did not identify an expert within the deadline set by the Discovery Order and cannot maintain the claims against Toyota without expert testimony; and second, Burkholder disposed of her vehicle, thereby preventing the parties from examining the vehicle to determine whether a defect existed.

Unrelated to the motion for summary judgment, the Court issued a revised trial scheduling order (the "Revised TSO") on May 27, 2016.[11] That scheduling order established the following expert deadlines: July 15, 2016 for plaintiffs' expert report or disclosures; September 16, 2016 for defendants' expert reports or disclosures; and October 17, 2016 for plaintiffs' rebuttal reports or disclosures.

## ANALYSIS

Toyota's motion is premised on its contention that Burkholder cannot support her claims without expert testimony. For the sake of analytical clarity, I therefore address that issue first, before turning to the parties' arguments regarding

---

[10] *Id*. Ex. 10.

[11] Both parties attempt to draw conclusions from the timing of the Court's issuance of the Revised TSO. There is no significance to the TSO or connection to the renewed motion for summary judgment. That process was initiated before Toyota renewed its summary judgment motion, *see* D.I. 79, and the Revised TSO was issued without any further input from the parties other than confirming their availability for trial.

6

whether Burkholder missed the expert discovery deadline or whether she is entitled to additional discovery before naming an expert.

Summary judgment should be awarded if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12]  When considering a motion for summary judgment, the evidence and the inferences drawn from the evidence are to be viewed in the light most favorable to the nonmoving party.[13]  The Court will accept "as established all undisputed factual assertions . . . and accept the non-movant's version of any disputed facts.  From those accepted facts[,] the [C]ourt will draw all rational inferences which favor the non-moving party."[14]

### A. All Burkholder's claims against Toyota require expert testimony under *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*

Toyota contends expert testimony is necessary to establish both the existence of a defect in the Burkholder Vehicle and that the defect proximately caused Burkholder's and Newcomer's injuries. Toyota maintains it is entitled to summary judgment because both those elements are required to prove Burkholder's claims for negligence and breach of warranty, and Burkholder has

---

[12] Super. Ct. Civ. R. 56(c).
[13] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995); *Judah v. Del. Trust Co.*, 378 A.2d 624, 632 (Del. 1977).
[14] *Marro v. Gopez*, 1994 WL 45338, at *1 (Del. Super. Jan. 18, 1994) (citing *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992)).

7

not proffered expert testimony, which Toyota contends is necessary to prove those elements. Burkholder, on the other hand, argues that this case falls within the exception to the rule generally requiring expert testimony because she has offered sufficient circumstantial evidence of a defect.

The preliminary question is whether Burkholder must prove the existence of a defect to prevail on her claims. In my view, she must. Burkholder's three claims against Toyota allege negligence and breach of warranty. To prevail on a claim for breach of the implied warranty of merchantability, Burkholder must prove: (1) Toyota sold the vehicle; (2) the vehicle was defective at the time of sale; (3) the defect caused injury to the ultimate consumer; (4) the proximate cause of the injury was the defective nature of the vehicle; and (5) Toyota received notice of the injury.[15] As to Burkholder's negligence claims, she must prove: duty, breach, causation, and harm.[16]

Although proof of a defect is an essential element of every breach of warranty of merchantability case,[17] it is not always an essential element of a negligence claim. Here, however, proof of a defect also is a necessary element of Burkholder's negligence claims. Burkholder claims the Dealer was negligent by failing to properly inspect and repair the vehicle's "acceleration issues," failing to

---

[15] *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998) (citing *Neilson Bus. Equip. Ctr., Inc. v. Monteleone*, 524 A.2d 1172, 1175 (Del. 1987) (citing *F.E. Myers Co. v. Pipe Maint. Servs., Inc.*, 599 F.Supp. 697, 703 (D. Del. 1984))).

[16] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).

[17] *Reybold*, 721 A.2d at 1269.

8

warn and inform Burkholder regarding the "acceleration problems," and failing to train its employees to identify and resolve "known acceleration problems." She contends the Manufacturer Defendants were negligent by failing adequately to supervise the design, manufacture, testing, and inspection of the vehicle and by designing a defective vehicle. Each of those contentions assumes the existence of a defect; if there was no defect in the Burkholder Vehicle, there was no negligence in designing, manufacturing, inspecting, or repairing it, or in failing to warn Burkholder of a danger.[18]

The ultimate issue, therefore, is whether expert testimony is necessary to prove a defect existed in the Burkholder Vehicle's acceleration or braking systems, thereby causing the accident. In *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*, the Delaware Supreme Court held that expert testimony typically is required to prove a product is defective, and always is required "[i]f the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen."[19] Even when the matter is one within the common knowledge of laymen, expert testimony is necessary unless the circumstantial evidence presented tends "to negate other reasonable causes of the injury sustained."[20]

---

[18] *See Joseph v. Jamesway Corp.*, 1997 WL 524126, at * 3 (Del. Super. July 9, 1997) ("In order to prove a claim of negligence in the context of a products liability action alleging a manufacturing defect, the plaintiff must establish that the product was defective.").

[19] 721 A.2d at 1270; *see also Atamian v. Ryan*, 2006 WL 1816936, at *3 (Del. Super. June 9, 2006).

[20] *Reybold*, 721 A.2d at 1270.

Although the only claim at issue in *Reybold* was one for breach of warranty, Burkholder conceded at oral argument that *Reybold* applies both to the negligence and breach of warranty claims in this case because all the claims are premised on the contention there was a defect in the Burkholder Vehicle.[21] Burkholder's claims do not fall within the limited set of cases *Reybold* identifies as not requiring expert testimony to establish a defect. First, the issue of unintended acceleration of a vehicle, including the circumstances that may cause such acceleration and whether those circumstances existed in particular Toyota vehicles, is not within the common knowledge of a layperson. To the contrary, the internal mechanical operations of a vehicle, and what might cause it to accelerate when – as Burkholder contends – the driver is applying the brakes, is a complex issue that has been the subject of class actions, congressional hearings, and studied debate. For that reason alone, the claims require support through expert testimony regarding the defect's existence and its role in the accident in this case.

In addition, even if this were an issue within the common knowledge of a layperson, the circumstantial evidence Burkholder offers does not tend to negate other reasonable causes of the injuries. The circumstantial evidence Burkholder contends would establish a defect is: (1) Burkholder's testimony that she was

---

[21] *Newcomer v. Burkholder*, C.A. No. N14C-05-151 AML, at 31-33 (Del. Super. Aug. 15, 2016) (TRANSCRIPT) (hereinafter "Aug. Tr."); *see also Joseph*, 1997 WL 524126, at *3 ("Where a plaintiff is attempting to prove negligence circumstantially [in a products liability action], he must establish that negligence is the only possible inference.").

10

pressing the brake before the collision, but that the car accelerated; (2) an occasion two years before the accident, when Burkholder contends the car accelerated suddenly; (3) a notice Burkholder received in connection with a class action, in which Toyota identified her vehicle as being among a class of vehicles alleged to contain a defect that could cause unintended acceleration; and (4) documents indicating Toyota developed processes and protocols for inspecting vehicles in which customers allegedly experienced unintended acceleration.[22] That evidence is not sufficient to negate other reasonable causes of the injury, such as driver error. Put differently, Burkholder's testimony about the sudden acceleration, protocols developed at the Dealer for the alleged problem, and a class-action legal notice indicating Burkholder's vehicle was within a class of vehicles allegedly containing a defect is not enough to eliminate other reasonable causes of the collision.

Although Burkholder argued that disputed issues of material fact preclude summary judgment, alluding that additional facts may be available through discovery that would eliminate other reasonable causes of the accident, that argument is unconvincing for two reasons. First, Burkholder failed to file a Rule 56(f) affidavit, as required by this Court's rules, detailing what further discovery she needed in order to fairly address the motion for summary judgment. She

---

[22] Aug. Tr. 30-34.

therefore is precluded from relying on vague references to such additional discovery as a basis to deny the motion. Second, in the Discovery Order, this Court expressly precluded Burkholder from obtaining additional discovery from the Toyota Defendants until she identified her expert and provided further explanation, supported by her expert, regarding the need for additional discovery.[23]

Accordingly, Toyota is entitled to summary judgment on the third-party claims unless Burkholder can offer expert testimony on the issues of the existence of a defect and proximate cause. I therefore turn to whether Burkholder has waived her opportunity to offer an expert opinion by failing to identify an expert in a timely manner.

## B. Burkholder conceded she does not intend to get an expert.

Having concluded the third-party claims require expert testimony in order to be presented to a jury, the question then becomes whether Burkholder has missed the deadlines to disclose her expert, such that Toyota's motion for summary judgment should be granted. I need not address the bulk of the parties' technical arguments regarding the Discovery Order, whether its deadlines were vacated, or the effect of the Revised TSO. I agree with Toyota that Burkholder failed to disclose her expert within the deadline established by the Discovery Order, which the Court never vacated. Nevertheless, given the general policy encouraging

---

[23] Nov. Tr. 26-27, 31-32.

resolution of claims on their merits, the Court likely would have permitted Burkholder to proceed with her claims had she identified an expert at any time during the briefing or argument of the motion for summary judgment. Burkholder, however, conceded at oral argument that she will not be able to "provide an expert opinion that says definitively that that defect existed in that vehicle as of that time."[24] Having conceded on the record that she will not be able to obtain the necessary expert support for her claim, amending the schedule to permit Burkholder additional time to obtain an expert would not be fruitful.

## CONCLUSION

For the foregoing reasons, the Toyota Defendants' Motion for Summary Judgment is **GRANTED**. Having concluded Toyota is entitled to summary judgment because Burkholder failed to provide an expert to support the existence of a defect, I need not reach Toyota's alternate arguments that summary judgment should be granted because Burkholder failed to preserve the subject vehicle or because Burkholder failed to provide expert testimony regarding proximate cause.

---

[24] Aug. Tr. 42.